## Case No. 10,505.

### In re OLMSTED.

[4 N. B. R. 240 (Quarto, 71).] [1]

District Court, E. D. New York. 1870.

BANKRUPTCY—ABANDONMENT OF PETITION BY CREDITOR.

On the 2d day of December, 1870, A filed a petition against the bankrupt. An order to show cause was granted, returnable December 10th. The case was adjourned till May 31, 1870, when, no one appearing, the proceedings were dropped. Subsequently B, another creditor, filed a petition alleging the bankrupt's indebtedness to him, and after alleging the filing and abandonment of A's petition, prayed that bankrupt might be adjudicated upon A's petition. *Held*, B's application must be dismissed, on the ground that it should have been made on the return or adjourned day.

[Cited in Re Lacey, Case No. 7,965. Distinguished in Re Buchanan, Id. 2,073.]

On the 2d of December, 1869, Fordyce, a creditor of Olmsted, filed a petition in bankruptcy against him. The usual order to show cause was granted, returnable December 10th. On the return day the debtor did not appear, and on the motion of the petitioning creditor the case was adjourned, and on subsequent days it was further adjourned till May 3, 1870, and no one appearing on that day the proceedings were dropped. On the 13th of September following, another creditor, Filkins, filed a petition alleging in the usual form the indebtedness to him, and after alleging the filing of the Fordyce petition, and its abandonment, as stated above, prayed that Olmsted might be adjudicated

upon Fordyce's petition—his own petition not alleging any act of bankruptcy as committed within the six months prior to September 13, 1870. The court granted an order that Olmsted show cause why adjudication should not be granted and provided for service upon Fordyce and his attorney. On the return of this order execution was taken on Filkins' petition.

Mr. Gorham, for debtor, argued that the petition of Filkins did not state facts sufficient upon which to make adjudication, and that under the last paragraph of section 42 of the bankrupt act [of 1867 (14 Stat. 537)] the adjudication must be made upon his petition and not upon the petition of Fordyce, because the act provides that the court may, upon the petition of any other creditor, proceed to adjudicate upon such petition, and that the word "such" can only refer to the petition of the new creditor. Further, that Filkins not having presented his petition upon the return or adjourned day of the Fordyce petition, he is too late, and cannot avail himself of the provisions of the act; and cited in support of this point In re Camden Rolling Mill Co. [Case No. 2,338].

Mr. Hughitt, for Filkins, argued that the new creditor was entitled to come in at any time, and was not limited to the return or adjourned day; and that the adjudication must be had upon the petition of Fordyce, and that Filkins' petition was only supplemental to Fordyce's.

HALL, District Judge, wrote no opinion, but after considering the case dismissed the application, and held the exceptions of the debtor well taken on the ground that the application of Filkins should have been made on the return or adjourned day, and said, that the reason of this rule was that the debtor was then in court, advised of the charges against him, and that it was then competent for the second creditor to take up and enforce the proceedings abandoned by the first creditor; but if he allowed that time to pass he could no longer rely upon that petition as his basis of action, but must begin anew and bring the debtor into court upon his own motion and proceeding.